UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL H WRIGHT,

        Plaintiff,

                                          Case No. 21-cv-0720-bhl

  v.

KENOSHA POLICE DEPARTMENT,

        Defendant.

---

# ORDER

---

On June 11, 2021, plaintiff Daniel H. Wright, proceeding without counsel, filed a complaint and a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1, 2.) The Court dismissed Wright's complaint and denied Wright's motion to proceed *in forma pauperis* on July 26, 2021. (ECF No. 5.) The Court allowed Wright to file an amended complaint and an amended motion for leave to proceed without prepayment of the filing fee by August 27, 2021. (*Id.*) On August 2, 2021, Wright filed his amended complaint and amended motion. (ECF Nos. 6, 7.)

The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). As for his indigency, Wright's motion indicates that he is unemployed and married. (ECF No. 7 at 1.) He further states that he receives approximately $0 in monthly income and does not provide an estimate as to his monthly expenses. (ECF No. 7 at 2-3.) Wright states he does not own a car or a home, that he is homeless, and that he does not have a cash, checking, or savings account. (ECF No. 2 at 3.) He explains that he owns no property of value and that he relies on "an EBT food card" and is "in the process for filing for SSI disability again." (ECF No. 7 at 4.) Upon review of his amended request, it appears that Wright is sufficiently indigent for a fee waiver.

The Court must also review the complaint for sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

Wright amended his complaint to bring claims against only one defendant, Kenosha Police Department. (ECF No. 6 at 1.) Wright describes several of his interactions with Kenosha police and requests that the department stop "its discrimination towards me for whatever reason they have and award 100,000 dollars for my complaint and civil rights violation." (ECF No. 6 at 3-6.) Wright appears to be asserting an equal protection class of one claim regarding his treatment by the Kenosha Police Department. *See Forgue v. City of Chicago*, 873 F.3d 962, 968 (7th Cir. 2017) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601-02 (2008)) ("To state an equal protection claim on a class-of-one theory, a plaintiff must allege that he has been 'intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"). Because he pleaded enough facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," Wright's complaint is neither frivolous nor malicious and states an arguable claim. Therefore, Wright will be authorized to proceed with his case *in forma pauperis*. Accordingly,

**IT IS HEREBY ORDERED** that Wright's motion for leave to proceed without prepayment of the filing fee, ECF No. 7, is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon defendants. Wright is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Congress has not made any provision for waiver of these service fees.

Wright is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing party or its attorneys. Wright should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to defendant or its attorneys. Wright is further advised that

his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on August 4, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge