UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL H WRIGHT,

        Plaintiff,

    v.                                     Case No. 21-cv-0720-bhl

KENOSHA POLICE DEPARTMENT,

        Defendant.

## ORDER DISMISSING CASE

In this case, *pro se* Plaintiff Daniel Wright asserts an equal protection class-of-one claim against Defendant Kenosha Police Department, seeking damages and injunctive relief. (*See* ECF No. 8 at 2.) The Department has moved to dismiss Wright's complaint under either Fed. R. Civ. P. 12(b)(1) or 12(b)(6). (ECF No. 16.) It has also moved, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). (*Id.*) Because Wright's complaint fails to properly allege a class-of-one claim, the motion to dismiss under Rule 12(b)(6) will be granted.

### FACTUAL BACKGROUND

On May 5, 2019, Daniel Wright and his older brother got into an argument that turned violent. (ECF No. 6 at 3.) Wright's mother called the police, who investigated the incident and ultimately arrested Wright. (*Id.* at 4.) Wright argues that the decision to arrest him represented unequal treatment when compared to the fallout from an event that occurred months later, on November 17, 2019. (*Id.*) On that date, a man named Quin knocked on Wright's door and asked to come inside. (*Id.* at 3.) Wright refused him entry, and Quin initially went on his way. (*Id.*) But he returned in short order, accompanied by two other people. (*Id.*) Wright locked himself in his room, and his mother answered the door. (*Id.*) According to Wright, Quin pushed his mother out of the way and entered the house with malicious intentions. (*Id.*) After Quin left, Wright called the police, who caught up with Quin the next day and warned him to stay away from Wright's residence but did not arrest him. (*Id.* at 4.)

**LEGAL STANDARD**

To survive a motion to dismiss, a complaint must plead facts sufficient to plausibly state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If a class-of-one claim supplies the theory of the case, the "plaintiff must present a set of facts that plausibly depict official action utterly unsupported by a rational basis." *Frederickson v. Landeros*, 943 F.3d 1054, 1060 (7th Cir. 2019). This is no easy feat. *Id.* Additionally, while *pro se* litigants are entitled to some leeway in recognition of the disadvantages they face, they must still comply with *Iqbal* and *Twombly*. *See McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

**ANALYSIS**

Wright's amended complaint alleges only that the Kenosha Police Department violated his right to equal protection when it arrested him for fighting with his older brother but treated an individual named Quin more leniently. (ECF No. 6.) Because "a police department is not a suable entity under §1983," *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009), Wright "must satisfy the standards of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978), which requires showing that the constitutional violation was caused by a municipal policy." *Turner v. Ferguson*, 432 F. Supp. 3d 876, 886 n.4 (E.D. Wis. 2020). Because Wright's complaint alleges no municipal policy or custom, it does not comply with *Monell* and must be dismissed.

**I.      Wright's Amended Complaint Fails to Identify a Municipal Policy or Custom.**

"'[A] municipality cannot be held liable' solely for the acts of others, *e.g.*, '*solely* because it employs a tortfeasor.'" *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)). "But the municipality may be held liable 'when execution of a government's *policy or custom* . . . inflicts the injury.'" *Id.* (quoting *Monell*, 436 U.S. at 694) (emphasis and ellipses in original). A municipal policy or custom exists where: (1) the municipality expressly adopts a policy; (2) a custom or practice becomes so widespread that it is the functional equivalent of an expressly adopted policy; or (3) a person with final policy-making authority inflicts the alleged constitutional injury. *See Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Teesdale v. City of Chicago*, 690 F.3d 829, 833-834 (7th Cir. 2012); *Rasche v. Vill. of Beecher*, 336 F.3d 588, 597-98 (7th Cir. 2003). And regardless of how the policy or custom is established, the municipality is not liable unless that

policy or custom was the "moving force" behind the alleged injury. *See Wilson v. Cook Cnty.*, 742 F.3d 775, 780 (7th Cir. 2014).

Wright's amended complaint does not identify a municipal policy or custom under any applicable theory. He does not "point to any ordinance, regulation, or policy that threatens" his constitutional rights. *Teesdale*, 690 F.3d at 837. He cannot allege a widespread custom or practice because "it is clear that a single incident—or even three incidents—do not suffice" to do so. *Wilson*, 742 F.3d at 780 (citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010)). And a police officer making an arrest is not a final policymaker for *Monell* purposes. *See Rasche*, 336 F.3d at 600 (noting that the defendant was not a person with final policymaking authority because she "occupied a position quite analogous to a police officer making an arrest"). And even if he had identified a municipal policy or custom, Wright has certainly not shown that it was the "moving force" behind his claimed constitutional injury. *See Snyder v. King*, 745 F.3d 242, 247 (7th Cir. 2014) (requiring a direct causal link between the policy and the constitutional deprivation). Lastly, this "policy or custom" requirement applies equally to claims for money damages and prospective relief, so it is irrelevant that Wright seeks both. *See Humphries*, 562 U.S. at 30-31.[1]

---

[1] The Court notes that even if the amended complaint satisfied *Monell*'s prerequisites, it would still fail on the merits because it reveals that Wright's arrest was based on probable cause. *See Williamson v. Curran*, 714 F.3d 432, 449 (7th Cir. 2013) (holding that a class-of-one equal protection claim "hinges on the notion that the authorities lacked probable cause to arrest [the plaintiff]"); *see also Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (holding that a plaintiff pleads himself out of court when his complaint includes all the necessary ingredients of an impenetrable defense).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 16) is **GRANTED**, and the case is **dismissed**. Because Plaintiff is proceeding pro se (without the benefit of counsel) the Court will allow one further chance to amend his complaint to try to assert actionable claims. If Plaintiff wishes to proceed with his claim, he must file a viable second amended complaint on or before **April 21, 2022**.

Dated at Milwaukee, Wisconsin on April 6, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge